Citation Nr: 1331577 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 06-29 401 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Juliano, Counsel

INTRODUCTION

The Veteran served on active duty from May 2003 to November 2004.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In November 2011 and June 2013, the Board remanded the Veteran's claim for further development.


FINDING OF FACT

The most probative evidence of record does not establish that the Veteran has had a hearing loss disability in either ear as defined by VA regulations at any time during the period on appeal.


CONCLUSION OF LAW

Bilateral hearing loss was not incurred in or aggravated by service, and may not be presumed to have been so incurred or aggravated. 38 U.S.C.A. §§ 1110, 1112, 1113, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.385, 3.655 (2012).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

With respect to the Veteran's claim for service connection for bilateral hearing loss, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5102, 5103(a), 5103A, 5106 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.159, 3.326(a) (2013).

Under the VCAA, when VA receives a complete or substantially complete application for benefits, it is generally required to "notify the claimant and the claimant's representative, if any, of any information and any medical or lay evidence not previously provided . . . that is necessary to substantiate the claim." 38 U.S.C.A. § 5103(a)(1) (West Supp. 2012). As part of that notice, VA must "indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary . . will attempt to obtain on behalf of the claimant." 38 U.S.C.A. § 5103(a)(1) (West Supp. 2012). The requirements apply to all five elements of a service connection claim: veteran status, existence of a disability, a connection between the veteran's service and the disability, degree of disability, and effective date of the disability. See Dingess v. Nicholson, 19 Vet. App. 473 (2006), aff'd sub nom. Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007).

The Board finds that a VCAA letter dated in October 2006 fully satisfied the duty to notify provisions. See 38 U.S.C.A. § 5103(a) (West Supp. 2012); 38 C.F.R. § 3.159(b)(1) (2013). The October 2006 VCAA letter informed the Veteran of what information or evidence was needed to support his claim, what types of evidence the Veteran was responsible for obtaining and submitting to VA, and which evidence VA would obtain. The notice also explained how VA assigns disability ratings and effective dates. See Dingess, supra.

The Board also concludes that VA's duty to assist has been satisfied. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). All of the Veteran's service treatment records and VA treatment records have been associated with the claims file. The Veteran has not identified any additional relevant treatment records for VA to obtain. In that regard, the Board notes that the November 2011 Board remand directed that a copy of the July 2007 VA audiogram relating to a July 2007 VA audiology record be associated with the claims file. Pursuant to the Board's remand directive, this record was associated with the claims file. Also, in its June 2013 remand, the Board directed that the Veteran be provided with another opportunity to identify any outstanding treatment records relating to his claim, and that he be provided notice explaining that he may submit statements from himself and others in support of his claim. Pursuant to the Board's remand directive, a June 2013 notice was sent to the Veteran requesting that he identify any outstanding records and explaining that he may submit lay statements in support of his claim. Therefore, the Board finds that there has been substantial compliance with the Board's remand directives referable to obtaining pertinent records. See Stegall v. West, 11 Vet. App. 268 (1998).

VA's duty to assist also includes the duty to provide a VA examination when the record lacks evidence to decide a veteran's claim and there is evidence of 
(1) a current disability, (2) an in-service event, injury, or disease, and (3) some indication that the claimed disability may be associated with the established in-service event, injury, or disease, but (4) insufficient competent medical evidence on file for the Secretary to make a decision on the claim. See 38 C.F.R. § 3.159(c)(4) (2013); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The Veteran was provided with a VA examination in November 2007 relating to his claim. The November 2007 VA examination report reflects that the examiner had an opportunity to review the entire claims file, including all of the Veteran's service and VA treatment records, to personally elicit a history from the Veteran, and to examine him. The examiner also provided a clear rationale for his conclusions. The Board, therefore, finds this examination to be adequate. 

In June 2013, the Board remanded the Veteran's claim so that he could be provided with a new VA examination, in an attempt to reconcile conflicting evidence of record. The examination was scheduled in July 2013. The Veteran, however, failed to appear. The duty to assist is not a one-way street. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). The Veteran must cooperate with VA in VA's attempts to help substantiate his claim. In this case, such cooperation was not evident. In light of the failure to report, and the subsequent failure to show good cause, the Board finds that its June 2013 remand directive regarding an examination was substantially complied with, and that VA's duty to assist in this regard has been satisfied. The Veteran's claim will be decided based on the evidence of record. See 38 C.F.R. § 3.655 (2013).

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this case, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), reversed on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

II. Analysis

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case, the claim is denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Service connection may be established for a disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1110 (West 2002). That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service for certain presumptively chronic diseases is required to support a finding of chronicity. 38 C.F.R. § 3.303(b) (2013). Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. 
§ 3.303(d) (2013).

To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service" - the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

With specific regard to claims involving hearing loss, the Court of Appeals for Veterans Claims (Court) has observed that the threshold for normal hearing is from 0 to 20 decibels, and that higher threshold levels indicate some degree of hearing loss. Hensley v. Brown, 5 Vet. App. 155, 159 (1993). However, for the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385 (2013).

Service connection may also be granted on a presumptive basis for certain chronic diseases, including sensorineural hearing loss, if manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 C.F.R. §§ 3.307(a)(3), 3.309(a) (2013). 

VA regulations provide that when a claimant fails to report for a VA examination scheduled in connection with an original compensation claim, the claim shall be decided based on the evidence of record. 38 C.F.R. § 3.655 (2013).

The Veteran served on active duty in the Army from May 2003 to November 2004. His military occupational specialty was that of a track vehicle repairer. He claims that he has bilateral hearing loss as a result of acoustic trauma in service, including from engine noise, being around tankers, and from artillery blasts in service. See Claim, August 2006.

The Veteran's January 2003 enlistment examination report reflects pure tone thresholds as follows:





Hertz (decibels)

500
1000
2000
3000
4000
6000
RIGHT
10
20
25
20
25
25
LEFT
15
10
30
20
25
35

No diagnosis of hearing loss was recorded.

The Veteran's August 2004 examination report prepared in connection with his Medical Board evaluation and discharge (relating to lower extremity conditions) reflects pure tone thresholds as follows:





Hertz (decibels)

500
1000
2000
3000
4000
6000
RIGHT
10
20
20
10
20
15
LEFT
15
15
25
15
25
35

No diagnosis of hearing loss was recorded.

Post-service, the outpatient clinical records include a July 2007 VA treatment record that reflects the following audiometric test results:




Hertz (decibels)

500
1000
2000
3000
4000
RIGHT
20
30
30
30
40
LEFT
15
20
30
30
40

The Board notes, however, that the comments section of the audiogram report reflects the following notation: "not adequate for rating purposes." Also, although speech recognition scores were recorded, Maryland CNC word lists were not used (rather, CID W-22 word lists were noted as used). A diagnosis of mild sensorineural hearing loss was recorded.

The Veteran underwent a VA audiological examination in November 2007. That report reflects the Veteran reported noise exposure in service from working with tanks and from artillery. Audiometric testing revealed pure tone thresholds as follows:



Hertz (decibels)

500
1000
2000
3000
4000
Avg.
RIGHT
10
15
20
20
25
20
LEFT
10
15
20
20
25
20

Speech recognition scores (using Maryland CNC) were 100 percent bilaterally. The examiner recorded a diagnosis of "hearing within normal limits at all rating frequencies." The examiner explained in the opinion section of his report that no etiological opinion was required because the Veteran's hearing thresholds for VA purposes were within normal limits. Even so, the examiner noted that the enlistment audiological examination suggested mild hearing loss at 6000 hertz, similar results were obtained around the time of separation from service, and there was no significant change in hearing from the time of enlistment to the time of the VA examination.

Pursuant to the Board's June 2013 remand, an VA examination was scheduled for July 2013. The Veteran, however, failed to appear to the scheduled VA examination, and has not offered any good cause for such failure. 

In light of the above, the Board finds that a preponderance of the evidence is against a finding that the Veteran has had a current hearing loss disability for VA compensation purposes at any time during the period on appeal. The sole evidence of a current diagnosis is the July 2007 VA treatment record which reflects a diagnosis of mild sensorineural hearing loss, based on auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater. Although this would generally meet the criteria for a hearing loss disability for VA compensation purposes under 38 C.F.R. § 3.385, the audiologist specifically noted on the report that the data was "not adequate for rating purposes." Furthermore, while speech recognition testing was conducted and appears to be less than 94 percent, it was done with the CIDW-22 test, as opposed to the Maryland CNC test, which is required by regulation to constitute a proper basis for diagnosis. Given these problems with the report, the Board finds that the pure tone thresholds reflected in the July 2007 record are not a credible finding upon which to base a conclusion that the Veteran has had a current hearing loss disability for VA compensation purposes at any time during the appeal. Especially key to this finding is that the testing just four months later reflected normal hearing, to include a perfect score on the Maryland CNC Test. See 38 C.F.R. § 3.385 (2013). In short, the Board finds that the July 2007 findings are not sufficient to establish a diagnosis.

While the Board accepts the Veteran's reports of noise exposure in service and his belief that he has experienced a decrease in hearing acuity, the evidence does not show a current diagnosis of hearing loss for VA compensation purposes. In the absence of proof of a present disability as defined by VA regulations, there can be no service connection for the claimed disability, either by direct causation or presumptive causation. Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The preponderance of the evidence is against the claim for service connection for bilateral hearing loss, and the benefit of the doubt doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990). Accordingly, the claim of entitlement to service connection for bilateral hearing loss must be denied.


ORDER

Entitlement to service connection for bilateral hearing loss disability is denied.


____________________________________________
BETHANY L. BUCK
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs