Citation Nr: 1443687 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 09-05 954 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a liver disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

D. Orfanoudis, Counsel


INTRODUCTION

The Veteran had active service from September 1978 to October 1984 and from August 1987 to August 2005. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2008 decision of the Department of Veterans Affairs (VA), Regional Office (RO), in St. Petersburg, Florida.

In March 2011, the Veteran testified at a personal hearing over which the undersigned Veterans Law Judge presided while at the RO. A transcript of that hearing has been associated with his claims file. The provisions of 38 C.F.R. § 3.103(c)(2) impose two distinct duties on VA employees, including Board personnel, in conducting hearings: the duty to explain fully the issues and the duty to suggest the submission of evidence that may have been overlooked. Bryant v. Shinseki, 23 Vet. App. 488 (2010). During the above hearing, the undersigned clarified the issue on appeal and inquired as to the etiology, continuity, and severity of the Veteran's asserted symptoms. The Veteran was offered an opportunity to ask the undersigned questions regarding her claim. Neither the Veteran nor her representative has asserted that VA failed to comply with these duties; they have not identified any prejudice in the conduct of the Board hearing. The Board, therefore, concludes that it has fulfilled its duty under Bryant. 

This matter was previously before the Board in August 2011 and January 2014 at which time it was remanded for additional development. It is now returned to the Board. As will be discussed further herein, the Board finds that the agency of original jurisdiction substantially complied with the remand orders, and no further action is necessary in this regard. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (remand not required under Stegall v. West, 11 Vet. App. 268 (1998), where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002).

The Veteran's claims file has been converted into a paperless claims file via the 
Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems. All records in such files have been considered by the Board in adjudicating this matter. 


FINDING OF FACT

There is no objective evidence that the Veteran has a liver disorder.


CONCLUSION OF LAW

The criteria for the establishment of service connection for a liver disorder have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002 & Supp. 2014); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duty to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), 38 U.S.C.A. §§ 5100, 5102-5103A, 5106, 5107, 5126 (West 2002 & Supp. 2014), 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2014), requires VA to assist a claimant at the time that he or she files a claim for benefits. As part of this assistance, VA is required to notify claimants of what they must do to substantiate their claims. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1).

VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that the claimant is to provide; and (3) that VA will attempt to obtain. See Beverly v. Nicholson, 19 Vet. App. 394, 403 (2005).
 In addition, the notice requirements of the VCAA apply to all five elements of a service-connection claim, including: (1) Veteran status; (2) existence of a disability; (3) a connection between the Veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). Specifically, the notice must include notice that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded. Id. at 486.

By letters dated in July 2007, October 2007, July 2008, September 2011, and November 2011 the Veteran was notified of the evidence not of record that was necessary to substantiate her claim. She was told what information that she needed to provide, and what information and evidence that VA would attempt to obtain. She was also provided with the requisite notice with respect to the Dingess requirements. Under these circumstances, the Board finds that the notification requirements of the VCAA have been satisfied.

Next, the VCAA requires that VA make reasonable efforts to assist the claimant in obtaining evidence necessary to substantiate a claim. The Veteran's relevant service, VA, and private medical treatment records have been obtained. There is no indication of any additional, relevant records that the RO failed to obtain. The Veteran has been medically evaluated. 

The Board further observes that this case was most recently remanded in January 2014 in order to obtain outstanding VA treatment records and to obtain an addendum to a November 2011 VA examination report. Thereafter, additional VA treatment records were associated with the claims file, and the requested VA medical opinion was provided in March 2014. Therefore, the Board finds that the agency of original jurisdiction has substantially complied with the remand directives such that no further action is necessary in this regard. See D'Aries, supra. 

In sum, the Board finds that the duty to assist and duty to notify provisions of the VCAA have been fulfilled, and no further action is necessary under the mandates of the VCAA. 

Service connection

Service connection means that the facts, shown by evidence, establish that a 
particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated during service. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. §§ 3.303, 3.304 (2014).

In order to prevail on the issue of service connection for any particular disability, there must be evidence of a current disability; evidence of in-service occurrence or aggravation of a disease or injury; and medical evidence, or in certain circumstances, lay evidence, of a nexus between an in-service injury or disease and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999); see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (holding that "[w]hether lay evidence is competent and sufficient in a particular case is a factual issue to be addressed by the Board").

Service connection for certain chronic diseases, such as cirrhosis of the liver, may also be established based upon a legal "presumption" by showing that it manifested itself to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C.A. § 1112 (West 2002); 38 C.F.R. §§ 3.307, 3.309 (2014). The option of establishing service connection through a demonstration of continuity of symptomatology rather than through a finding of nexus is specifically limited to the chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (rejecting the argument that continuity of symptomatology in § 3.303(b) has any role other than to afford an alternative route to service connection for specific chronic diseases). In addition, service connection may be granted for any disease diagnosed after service when all the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2014).

The Board must assess the credibility and weight of all the evidence, including the 
medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the claimant. See Masors v. Derwinski, 2 Vet. App. 181 (1992); Wilson v. Derwinski, 2 Vet. App. 614, 618 (1992); Hatlestad v. Derwinski, 1 Vet. App. 164 (1991); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value.

The Board has reviewed all the evidence in the claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the evidence submitted by the Veteran or on her behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran should not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the appellant).

The Veteran contends that she has a current liver disability that is manifested as a result of her period of active service. During her March 2011 hearing, she did not address whether she had a current liver disability, but rather it was asserted that the issue had not been properly developed and that a VA examination would be helpful in establishing her claim.

A review of the Veteran's service treatment records does not reveal a diagnosis of or treatment for a chronic liver disorder during active service. Service treatment records dated in July 1980 did show treatment for hepatitis A. A report of medical examination dated in July 1997 shows that she was admitted for hepatitis A but with no sequelae.

Following service, a VA examination report dated in April 2005 shows that the VA examiner indicated that in 1980 the Veteran had hepatitis A for which she was hospitalized and spent a couple of weeks off the job. This was said to have cleared to the best of her knowledge and her liver enzymes had returned to normal.

Outpatient treatment records from Naval Hospital Jacksonville dated in July 2005 show a lysis of adhesions associated with choledochoduodenostomy. It is noted that the Veteran's liver was "normal in size and shape, free from nodularity or metastatic or cirrhosis disease."

Treatment records from Memorial Hospital Jacksonville dated in March 2007 show a lysis of abdominal adhesions. It was noted that "adhesions were separated sharply from the abdominal wall exposing the lower edge of the liver. It was further noted that the entire right lobe of the liver was fixed, cemented to the anterior abdominal wall, as well the left lobe of the liver." The report noted that it was felt that the removal of adhesions attached to liver would not be safe, so they were left in place. No liver abnormality or chronic liver disability was indicated.

VA outpatient treatment records dated from January 2007 to April 2012 do not show treatment for any form of hepatitis or any other liver disorder. A note dated January 13, 2009, indicates a history of abnormal liver studies and a subsequent note on January 16, 2009, notes a history of gallbladder removal and scar tissue being removed a few years later from the liver and bile duct. The remainders of
these records show only that the gall bladder surgery resulted in a buildup of scar tissue on the liver, for which the Veteran would take pain medication.

Treatment records from the Naval Hospital Jacksonville dated from August 2007 to September 2011 are silent for treatment of a liver disorder.

Private treatment records from Dr. B. Rizk, received in December 2011 do not show 
a diagnosis or treatment of any form of hepatitis or any other liver disorder. Lysis of adhesions thought to be a residual of prior gall bladder surgery were indicated.

Private treatment records from Digestive Disease Consultants received in December 2011 do not show a diagnosis or treatment of any form of hepatitis or any other liver disorder. Right upper quadrant pain was indicated thought to be a residual of prior gall bladder surgery/adhesions and gastroesophageal reflux disease.

Private treatment records from the Institute of Pain Management received in December 2011 do not show diagnosis or treatment of any form of hepatitis or any other liver disorder. Right upper quadrant pain thought to be a residual of prior gall
bladder surgery/adhesions were indicated.

Private treatment records from Dr. Rashmi received in December 2011 do not show
treatment or diagnosis of any form of hepatitis or any other liver disorder. Symptoms related to gastroesophageal reflux disease and gall stones were noted.
Private treatment records from North Florida Pain Center received in January 2012 do not show treatment or diagnosis of any form of hepatitis or any other liver disorder. Reference was made to symptoms associated with gall stones.

A VA examination report dated in November 2011 shows that the examiner did not diagnose hepatitis in any form. The examiner indicated that the Veteran's current "liver condition," was right upper quadrant abdominal adhesions status post
cholecystectomy. 

In an addendum to the November 2011 VA examination report dated in March 2014, the VA examiner clarified that there was no objective evidence of an actual liver condition. Liver blood tests and ultrasound were normal. The Veteran stated that hepatitis C in service resolved. The adhesions "TO" the liver were EXTERNAL to the liver and are NOT A PART of the liver, and they DO NOT affect the function of the liver. There was no objective evidence of an actual liver condition. The examiner added that perhaps a more accurate opinion in November 2011 would have been to say "It is at least as likely as not that the Veteran's current right upper quadrant disorder..." rather than "Veteran's current liver/right upper quadrant disorder" as she does not have a liver disorder. The examiner concluded that the Veteran clearly had a right upper quadrant disorder consisting of chronic pain due to adhesions due to in-service surgery, however, she does not have a liver disorder.

After a careful review of the evidence of record, it is found that entitlement to service connection for a liver disability has not been established. The threshold requirement question here, as in any claim seeking service connection, is whether or not the Veteran has the disability for which service connection is sought - in this case, a liver disability. Without evidence of such disability during the pendency of the claim/appeal (see McClain v. Nicholson, 21 Vet. App. 319, 321 (2007)) there can be no valid claim of service connection. See 38 U.S.C.A. §§ 1110 , 1131; Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

In this case, the Veteran's service treatment records do not show a diagnosis of a chronic liver disability. While she was treated for hepatitis A during service, this was said to have resolved prior to her separation from service with no evidence of residual disability. Following service, while the Veteran has reported symptoms that she attributes to a chronic liver disability, all of the medical evidence of record attributes her reported symptoms to her gallbladder removal, choledocholithiasis, with intra-abdominal adhesions, gastroesophageal reflux disease, for which service connection has already been established, rated at 60 percent disabling. In this regard, the most recent VA examination report dated in March 2014 confirms that the Veteran demonstrates no objective evidence of an actual liver condition. The examiner conceded that the Veteran had a right upper quadrant disorder, however, this was attributed to the already service-connected adhesions, and not to a liver disability. As such, the Veteran has not presented a valid claim of service connection for a liver disability. See Brammer, 3 Vet. App. at 225.

The Board has considered the Veteran's statements in support of her claim that she has a liver disability as a result of her service. When a condition may be diagnosed by its unique and readily identifiable features, the presence of the disorder is not a determination "medical in nature" and is capable of lay observation. In such cases, the Board is within its province to weigh that testimony and to make a credibility determination as to whether that evidence supports a finding of service incurrence and continuity of symptomatology sufficient to establish service connection. See Barr v. Nicholson, 21 Vet. App. 303 (2007); Jandreau, 492 F.3d at 1377. However, the VA examiner in March 2014 specifically indicated that there was no objective evidence of a liver disability. Therefore, the contentions presented by the Veteran are outweighed by the competent medical evidence of record. Consequently, there are no findings of record to show that the Veteran has a current liver disability for which service connection may be established.

In light of the absence of any competent medical evidence of record to suggest that 
the Veteran has a liver disability, for the Board to conclude that she has such a disability would be speculation, and the law provides that service connection may not be based on a resort to speculation or remote possibility. 38 C.F.R. § 3.102 (2008); Stegman v. Derwinski, 3 Vet. App. 228, 230 (1992); Obert v. Brown, 5 Vet. App. 30, 33 (1993). 

Accordingly, the Veteran's claim of entitlement to service connection for a liver disability must be denied. Although she is entitled to the benefit of the doubt where the evidence is in approximate balance, the benefit of the doubt doctrine is inapplicable where, as here, the preponderance of the evidence is against the claim of entitlement to service connection for a liver disability. 38 U.S.C.A. § 5107(b); Gilbert, 1 Vet. App. at 49.


ORDER

Service connection for a liver disability is denied.




____________________________________________
JOAQUIN AGUAYO-PERELES
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs