Citation Nr: 1617320 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 08-30 569 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah


THE ISSUE

Entitlement to service connection for a heart condition/disease.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. G. Mazzucchelli, Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran had active military service from September 1954 to August 1956.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California. 

The Veteran provided testimony at a Travel Board hearing before the undersigned in Salt Lake City, Utah, in October 2009. In December 2009, May 2012, June 2013, December 2014, and August 2015 the Board remanded the claim to the agency of original jurisdiction (AOJ) for additional development.


FINDING OF FACT

The Veteran's current heart condition did not have its clinical onset in service, is not otherwise related to active duty, and has not been attributed to a service-connected disorder, to include PTSD and unspecified depressive disorder.


CONCLUSION OF LAW

The criteria for service connection for a heart condition/disease have not been met. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.310 (2015).





REASONS AND BASES FOR FINDING AND CONCLUSION

I. Notice and Assistance

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2015).

Letters dated in March 2005 and March 2006 satisfied the duty to notify provisions.

VA also has a duty to provide assistance to substantiate a claim. 38 U.S.C.A. §5103A (West 2014); 38 C.F.R. § 3.159(c).

The Veteran's service treatment records have been obtained. Post-service VA and private treatment records have also been obtained. In June 2015, the Social Security Administration informed VA that any SSA medical records pertaining to the Veteran had been destroyed.

The Veteran was provided VA medical examinations in February 2010, October 2013, May 2015, and November 2015. The examinations, taken together, are sufficient evidence for deciding the claim. The reports are adequate and based upon consideration of the Veteran's prior medical history and examinations, describe the disabilities in sufficient detail so that the Board's evaluation is a fully informed one, and contain reasoned explanations. Thus, VA's duty to assist has been met.

II. Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2015). "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Service connection for certain specified chronic diseases, such as coronary artery disease, may be established on a presumptive basis by showing that such disease manifested itself to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2015).

Service connection may also be granted for disability that is proximately due to or aggravated by service-connected disease or injury. 38 C.F.R. § 3.310 (2015). See also Allen v. Brown, 7 Vet. App. 439, 448 (1995).

The Veteran is service connected for cervicalgia with intervertebral disc syndrome; PTSD and unspecified depressive disorder; and radiculopathy of the right and left upper extremities.

A necessary element to establish entitlement to service connection is the existence of a current disability. See Degmetich v. Brown, 104 F.3d 1328 (1997) (holding that section 1110 of the statute requires the existence of a present disability for VA compensation purposes); see also Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); Rabideau v. Derwinski, 2 Vet. App. 141, 144 (1992). The presence of a disability at the time of filing of a claim or during its pendency warrants a finding that the current disability requirement has been met, even if the disability resolves prior to the Board's adjudication of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

A layperson is competent to report on the onset and continuity of current symptomatology that is observable to the senses. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). Lay evidence can be competent and sufficient evidence of a diagnosis or used to establish etiology if (1) the layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). When considering whether lay evidence is competent the Board must determine, on a case by case basis, whether the Veteran's particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau, 492 F.3d at 1376-77. 

The Board is charged with the duty to assess the credibility and weight given to evidence. Madden v. Gober, 125 F.3d 1477, 1481 (Fed. Cir. 1997).

Evidence

The Veteran seeks service connection for a heart condition. He alleges entitlement in part on the basis that a heart condition is secondary to or aggravated by his service connected posttraumatic stress disorder (PTSD) and unspecified depressive disorder, for which service connection was granted in a February 2015 rating decision. 

The Veteran's service treatment records do not contain complaints or findings related to the Veteran's heart. The separation examination in August 1956 noted normal heart examination.

A May 1999 EKG was noted as normal, with normal sinus rhythm.

On a VA examination in February 2010, the Veteran reported that during an operation in December 2002 his heart had stopped beating. He reported that he underwent CPR and was resuscitated and that he had had no heart symptoms since then. The examiner did not find any notation of this on the relevant operative report. "The surgical resident did not mention any resuscitation efforts. I could not find any notation on this during his surgery for his neck. In short, there is no indication that the Veteran had suffered any cardiac arrest or other complications requiring CPR, basic life support, or advanced cardiac life support. He did undergo a stress test on February 11, 2002 prior to his surgeries. He was able to go 9 minutes achieving a METs level of 10 and had some mild ST depression 0.5 to 1 mm which are nondiagnostic and they resolved within 7 to 10 minutes of rest. A perfusion scan did not show any ischemia or infarction. His EF was mildly depressed at 43% with mild global hypokinesis and mild left ventricular enlargement. This is more consistent with his longstanding hypertension seen on review of all of his blood pressures from November 2002 to February 2010."

On examination, the heart demonstrated regular rate and rhythm, with no murmur, rubs or gallops noted. There was normal S1 and S2, and no S3 or S4. The examiner diagnosed idiopathic cardiomyopathy. The examiner opined that it was not at least as likely as not that the Veteran's disability was related to or caused by any injuries or other diagnoses in service. 

On a VA examination in October 2013, the examiner noted that the Veteran had, or had previously had, diagnoses of atherosclerotic cardiovascular disease, supraventricular arrhythmia, hypertensive heart disease, and left ventricular hypertrophy. 

The examiner opined that the Veteran's atrial fibrillation was less likely than not caused by an inservice injury, event, or illness, as the Veteran had only become aware of his atrial fibrillation in the past 10 years. The examiner further opined that the Veteran's atrial fibrillation was not related in any way to the service connected conditions of neck injury or arthritis; rather, atrial fibrillation was common in the general population. The examiner also stated that "any cardiovascular condition is likely aggravated by stress, and the stress caused by his service many years ago could have made him vulnerable to the development of D.V. disease." 

As it was unclear as to just what heart condition the examiner was referring, as well as whether his reference to "stress" indicated that he believed the Veteran had PTSD that had aggravated one or more of his heart conditions, the Board sought an addendum opinion.

In the meantime, service connection for PTSD and unspecified depressive disorder was granted in a February 2015 rating decision.

In May 2015, having determined that the October 2013 examiner was no longer available, the RO obtained an opinion from another clinician. After review of the claim file, it was his opinion that the Veteran did not have atherosclerotic heart disease or coronary artery disease, and that his atrial fibrillation (AF) had no relationship to stress in service in the 1950s. 

That examiner did not provide an opinion addressing whether the service connected psychiatric disability caused or aggravated a current heart condition. The Board again remanded the case for another examination.

A VA examiner in November 2015 diagnosed only supraventricular arrhythmia, which the examiner noted had been diagnosed in December 2011 and had subsequently resolved. The examiner stated that:

The Veteran was seen on 10/29/13 for a C&P exam by a contract examiner. His finding was for a diagnosis of arteriosclerotic cardiovascular disease, coronary artery disease, supraventricular arrhythmia, hypertensive heart disease and LVH (L ventricular hypertrophy). It is evident on review of this DBQ, that the examiner had no access to medical records. His history section is nearly nonexistent. He notes that the Veteran has had [hypertension] for about 5 years and that he had an episode of Atrial Fibrillation (AF) in 2011. Further down he notes that the Veteran's arrhythmia "could be related to [coronary artery disease], but he was told his arteries are fine with no apparent blockage. The etiology of his AF is likely age-related." This is the sum total of "evidence" for the diagnosis of ASCVD, CAD, and Hypertensive heart disease. He obtained an Echocardiogram on 10/17/13 which did show mild LVH, which is a very common finding in patients of advanced age, but a normal EF (LV ejection fraction) indicating normal LV cardiac function. At a requested clarification on 5/26/15, by a different contract physician, the prior diagnoses of ASCVD and CAD were discarded as erroneous. 

I would concur with this. He was felt to have had his single episode of AF in 2011 related to and caused by HTN and age. It was noted to have resolved without recurrence, although that examiner thought he had had a single cardioversion, which I find no evidence of. I also find no evidence of the Veteran ever having been diagnosed with Hypertensive heart disease, and no indication on exam that he has this condition. It appears that the episode of AF noted on EKG on 12/1/11 resolved spontaneously as evidenced by repeat EKG on 12/2/11 which was normal sinus rhythm. He has had multiple EKGs before and since, and in the period from 12/19/02 to 1/9/15 that single day was the only one showing AF. Medical records reviewed by me from SLC VAMC show no evidence of recurrence, cardioversion, or anticoagulation (other than very briefly in 2011) for AF. Nowhere in the records do I see evidence of ASCVD, CAD, Hypertensive heart disease, or clinically significant LVH. Also no current diagnosis of AF. Indeed, the only cardiovascular condition for which the Veteran is diagnosed and currently being treated is simple uncomplicated HTN (really a vascular condition with a separate DBQ rather than a cardiac condition), for which he takes HCTZ, Triamterene, and Metoprolol. At his most recent PCP visit on 2/5/15 he was noted to have regular rate and rhythm, and to have had a history of a single episode of AF with "spontaneous return to regular sinus rhythm" in 2011. Also it was noted that his 1/9/15 EKG showed sinus rhythm. There is nothing in the [service treatment records] from 1954-1956 to suggest any cardiac conditions, diagnoses or findings. Also, there is no credible medical evidence in the literature or in UpToDate suggesting that PTSD or depression cause AF or aggravate it. This opinion by myself is actually similar to the opinion expressed by the 10/29/13 examiner. 

The examiner concluded that:

There is no evidence that the Veteran had any heart condition while in service from 1954-1956, or that his current diagnosis of history of AF had any relation to service. 

The condition claimed is less likely than not (less than 50% probability) proximately due to or the result of the Veteran's service connected condition. There is no medically acceptable evidence in the literature suggesting that AF is caused by PTSD or depression. His AF is likely caused by advanced age and HTN. 

There is also no medically acceptable evidence that PTSD or depression would aggravate the Veteran's current diagnosis of history of AF.

Analysis

The evidence does not show that any disability of the heart began or had onset during active military service, and no such disability is shown to be otherwise related to active military service. Further, the evidence does not show that any heart condition manifested to a compensable degree within the first one year period following service. 

While the Veteran is competent to report symptoms, he does not have the requisite training to diagnose whether he has a chronic heart condition that is linked to a service-connected disability. Such diagnosis is not a simple condition and, in this case, such opinion as to etiology is not a simple medical question susceptible to lay diagnosis and opinion. See Jandreau, 492 F.3d at 1376-77.

The Veteran's opinion as to any etiology related to service or to service-connected disability has not been supported by an opinion by a medical professional other than to the extent that the October 2013 VA examiner stated that "any cardiovascular condition is likely aggravated by stress, and the stress caused by his service many years ago could have made him vulnerable to the development of D.V. disease." This examiner's statement is both vague and speculative. Further, it is unsupported by any rationale or specific reference to the Veteran's history or current findings. For these reasons, the opinion contains little probative value and it is not persuasive on the matter of the etiology of the claimed heart disability. 

The remainder of the medical opinion evidence of record is against the claim. The February 2010 VA examiner opined that it was not at least as likely as not that the Veteran's disability was related to or caused by any injuries or other diagnoses in service. The May 2015 VA examiner opined that the Veteran did not have atherosclerotic heart disease or coronary artery disease, and that his atrial fibrillation had no relationship to stress in service in the 1950s. The November 2015 VA examiner provided a detailed and well-supported opinion to the effect that the only confirmed heart disability shown in the record was atrial fibrillation that was diagnosed in 2011 and subsequently resolved; that atrial fibrillation was not related to an inservice cause; and that atrial fibrillation was neither caused or aggravated by a service connected disability. 

These opinions, taken together, contain persuasive evidence that the Veteran's heart condition, specifically the atrial fibrillation noted in 2011, was not related to an inservice cause or to a service-connected disability even on the basis of aggravation. 

Based on the above, the preponderance of the evidence is against the claim of service connection for a heart condition/disease on a direct and secondary basis. There is no doubt to be resolved; therefore, service connection is not warranted. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Service connection for a heart condition/disease is denied.



____________________________________________
C. CRAWFORD
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs