Citation Nr: 1806338 
Decision Date: 01/02/18 Archive Date: 02/07/18

DOCKET NO. 13-04 162 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUE

Entitlement to service connection for posttraumatic stress disorder (PTSD). 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

C. Jones, Associate Counsel



INTRODUCTION

The Veteran had active service from February 2004 to October 2009.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2012 rating decision issued by the Department of Veterans' Affairs (VA) Regional Office (RO) in Seattle, Washington.

The Board observes that in the Veteran's February 2013 substantive appeal, he requested a Board hearing. In conformance with his request, a hearing was scheduled in July 2016. In a report of general information dated in August 2016, however, it was noted that on the date of the hearing, the Veteran requested that the scheduled hearing be cancelled. In light of the foregoing, the Board determines that the request for a hearing has been withdrawn. Thus, the Board will proceed with consideration of the appeal based on the evidence of record. 38 C.F.R. § 20.704(e) (2017). 


FINDING OF FACT

PTSD has not been present during the period of the claim.


CONCLUSION OF LAW

The criteria for service connection for PTSD have not been met. 38 U.S.C. §§ 1110, 1154(b), 5107 (2012); 38 C.F.R. §§ 3.303, 3.304 (2017).



REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

As a preliminary matter, the Board finds that no further notice or development action is necessary in order to satisfy VA's duties to the Veteran under the VCAA. Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

In a February 2011 letter issued prior to the initial decision on the claim, VA notified the Veteran of the information and evidence needed to substantiate and complete his claim, and of what part of that evidence he was to provide and what part VA would attempt to obtain for him. 38 U.S.C. § 5103(a) (2012); 38 C.F.R. § 3.159(b)(1) (2017). The letter included the additional notification requirements imposed by the U.S. Court of Appeals for Veterans Claims (Court) in Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

With respect to VA's duty to assist, the record shows that VA has undertaken all necessary development action. 38 U.S.C. § 5103A (2012); 38 C.F.R. § 3.159 (2017). The Veteran's service treatment records are on file, as are all available post-service clinical records which the Veteran has specifically identified and authorized VA to obtain. 38 U.S.C. § 5103A(c) (2012); 38 C.F.R. § 3.159(c)(2), (3) (2017). 

The Veteran was also afforded VA medical examinations for his claim of service connection for PTSD in February 2011 and in May 2015. 38 C.F.R. § 3.159(c)(4) (2017). The Board has considered the contentions of the Veteran and his representative suggesting that the VA examinations are inadequate and that the Veteran should be reexamined, as the Veteran has submitted clinical records which contain diagnoses of PTSD. See Appellate Brief, received 01/22/2018. However, the Board finds that the VA examiners' opinions were predicated on a full reading of all available records, including the clinical evidence showing diagnoses of PTSD, as well as a clinical evaluation and diagnostic testing. The medical opinions also included a detailed rationale. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4) (2017). Overall, the Board finds that there is no indication of any VA error in notifying or assisting the Veteran that reasonably affects the fairness of this adjudication. 


Applicable Law

Service connection may be granted for disability resulting from personal injury suffered or disease contracted in the line of duty or for aggravation of a pre-existing injury or disease in the line of duty. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. §§ 3.303, 3.304, 3.306 (2017). 

Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d) (2017).

Service connection for PTSD generally requires: (1) medical evidence diagnosing the condition in accordance with applicable criteria; (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304 (f); Anglin v. West, 11 Vet. App. 361, 367 (1998).

If the evidence establishes that the Veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the Veteran's service, his testimony alone may establish the occurrence of the claimed in-service stressor. See 38 C.F.R. § 3.304(f)(2)).

The standard of proof to be applied in decisions on claims for VA benefits is set forth in 38 U.S.C. § 5107(b). Under that provision, VA shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107(b) (2012); see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Factual Background 

The Veteran asserts that service connection is warranted for PTSD. Specifically, he contends that he has PTSD due to combat during active service.

Service treatment records are negative for treatment for or a diagnosis of PTSD. The Board observes that in a January 2008 post-deployment wellness assessment medical report, depression was noted. However, there was no evidence of PTSD.

The Veteran's military personnel records demonstrate that his awards and decorations include the Combat Infantry Badge.

The Veteran underwent a VA PTSD examination, conducted by a licensed clinical psychologist, in February 2011. Following examination of the Veteran, the examiner determined that the Veteran did not endorse symptoms meeting the formal diagnostic criteria for PTSD. In support of this finding, the examiner noted that the Veteran described some emotional issues related to transition following military service, but did not describe ongoing symptoms meeting the formal diagnostic criteria for PTSD. She noted that the Veteran had not endorsed psychiatric symptoms in previous screening visits to his primary care provider. Additionally, he reported positive occupational and psychosocial functioning. 

In a March 2011 assessment and diagnosis provided by a certified trauma service specialist, it was determined that because of the Veteran's military experience, he developed symptomatology indicative of PTSD. She opined that he met the criteria for PTSD.

In a March 2013 summary session from a private licensed clinical social worker and certified mental health specialist, she reported that she had been meeting with the Veteran one time per week. She provided a statement from the Veteran and his wife regarding the impact of his PTSD symptoms. 

Post-service VA medical records do not reflect a diagnosis of PTSD. Instead, the records demonstrate a diagnosis for depression with consistent treatment. 

The Veteran was provided an additional VA examination, conducted by a licensed clinical psychologist, in May 2015. Following evaluation of the Veteran, depression, unspecified was assessed. In the accompanying medical opinion, the examiner opined that the Veteran did not currently endorse symptoms meeting the formal diagnostic criteria for PTSD. She indicated that she had reviewed the conflicting medical evidence and indicated that it did not appear that the therapist fully considered symptoms of clinical depression for the Veteran. She noted that VA medical records consistently stated a diagnosis of depression, unspecified, with continuing treatment to address the clinical depression. 

The Board observes that service connection for depression was granted in a May 2015 rating decision.

Analysis

After carefully considering the record on appeal, the Board finds that the record does not establish that the Veteran currently has PTSD, nor has he had the claimed condition at any time during the appeal period.

As noted herein Congress specifically limits entitlement for service-connected disease or injury to cases where such incidents have resulted in a disability. See 38 U.S.C. § 1110; see also Brammer v. Derwinski, 3 Vet. App. 223 (1992); Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998).

The Board has reviewed the record on appeal and finds that the most probative establishes that the Veteran does not currently have PTSD. In so finding, the Board acknowledges that there are conflicting medical opinions of record regarding whether the Veteran currently has a diagnosis of PTSD. For example, the private opinions of record indicate that the Veteran has a diagnosis of PTSD. Conversely, the VA examiners concluded that the Veteran did not meet the criteria for PTSD. Instead, depression was assessed, for which service connection has been awarded. However, as the private medical assessments were made by a licensed therapist and a certified trauma specialist and not by a licensed psychologist or psychiatrist as required under 38 C.F.R. § 3.304(f), the opinions are assigned reduced probative value. Moreover, the May 2015 VA examiner considered those opinions but nonetheless concluded that the Veteran did not currently have PTSD. She explained the basis for that opinion in detail. Her reasoned rationale substantially increases the probative value of the opinion. 

For the foregoing reasons, the Board concludes that the most probative evidence of record shows that the Veteran does not currently have a confirmed diagnosis of PTSD. Absent probative evidence that the Veteran currently has PTSD or has had PTSD at any time since military service, there is no basis upon which to grant the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). 

The law limits entitlement for service-related diseases and injuries to cases where the underlying in-service incident has resulted in a current disability. Degmetich v. Brown, 104 F.3d 1328 (Fed. Cir. 1997); Rabideau v. Derwinski, 2 Vet. App. 141 (1992). As the most probative evidence shows that the Veteran does not currently have PTSD, the Board finds that the preponderance of the evidence is against the claim. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).



ORDER

Entitlement to service connection for posttraumatic stress disorder (PTSD) is denied. 




____________________________________________
K. Conner
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs