﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/19 Archive Date: 01/30/19

DOCKET NO. 180913-378
DATE: January 31, 2019

ORDER

Readjudication of the claim for service connection for a left great toe disability is warranted.

Readjudication of the claim for service connection for a right shoulder degenerative joint disease is warranted.

Entitlement to service connection for left great toe disability is denied.

Entitlement to service connection for right shoulder degenerative joint disease is denied.

FINDINGS OF FACT

1. New evidence was presumably received after the December 2017 denial that is presumably relevant to the issue of entitlement to service connection for a left great toe disability. 

2. New evidence was presumably received after the December 2017 denial that is presumably relevant to the issue of entitlement to service connection for right shoulder degenerative joint disease. 

3. The preponderance of the evidence of record is against finding that the Veteran has had a left great toe disability at any time during or approximate to the pendency of the claim. 

4. The Veteran’s right shoulder degenerative joint disease was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disability is not otherwise etiologically related to an in-service injury or disease.

CONCLUSIONS OF LAW

1. The criteria for readjudicating the claim for service connection for a left great toe disability have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105 (2017).

2. The criteria for readjudicating the claim for service connection for right shoulder degenerative joint disease have been met. Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, § 5108, 131 Stat. 1105 (2017).

3. The criteria for service connection for a left great toe disability are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

4. The criteria for service connection for a right shoulder degenerative joint disease are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from May 2004 to September 2007. The Veteran selected the Supplemental Claim lane when she submitted the RAMP election form. Accordingly, the June 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested the evidence submission lane. 

The new and material evidence issue regarding right shoulder degenerative joint disease has been recharacterized to reflect the new evidentiary standard under the AMA. Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109

New and Relevant Evidence

The Veteran contends that she submitted evidence with her legacy system petition to reopen claims for service connection for a left great toe disability and right shoulder degenerative joint disease that is new and relevant and warrants readjudication of the issue. VA will readjudicate a claim if new and relevant evidenced is presented or secured. AMA, Pub. L. No. 115-55, § 5108, 131 Stat. 1105, 1109. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. AMA, Pub. L. No. 115-55, § 101(35), 131 Stat. 1105, 1105.

The questions in this case are whether the Veteran submitted evidence after the prior final denial of her claim for service connection for a left great toe disability and right shoulder degenerative joint disease in the legacy system, and if so, whether that evidence is new and relevant to her claim. The Board finds that new evidence was submitted after the prior final rating decision in the legacy system that is relevant to her claims, and includes December 2017 VA examinations and VA treatment records. Additionally, the June 2018 RAMP rating decision presumed the receipt of new and relevant evidence. In light of this, readjudication of the claims for a left great toe disability and right shoulder degenerative joint disease are warranted.

Service Connection

Generally, service connection may be granted for a disability or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. In order to establish service connection for a claimed disability, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Left Great Toe

The Veteran seeks service connection for a left great toe disability. 

The AOJ found that a September 2016 Reserve service record noted that the Veteran injured her left great toe and that the line of duty was complete. 

However, service connection is not warranted for a claimed left great toe disability as the evidence does not establish a current diagnosis during the appeal period. A December 2017 VA examination did not reveal any diagnoses of the left great toe. While the examiner noted that the Veteran reported overall functional impairment of limited exercise or physical capability. The Veteran reported that pain only occurred with aggravated by exercise and flare-ups of pain after running, weight bearing or during cold weather. The examiner indicated that there was no pain on physical examination. The examiner concluded that there was no functional loss of the left lower extremity due to the claimed condition. VA treatment records also do not reveal that the Veteran had a diagnosis of the left great toe during the appeal period. In the absence of proof of a current disability, there can be no valid claim for service connection. Brammer v. Derwinski, 3 Vet. App. 223 (1992); see also Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998) (service connection may not be granted unless a current disability exists). The Board is cognizant of the holding in Saunders v. Wilkie which stated that where pain causes functional impairment, a disability for VA compensation purposes exists, even if there is no underlying diagnosis. Saunders v. Wilkie, 886 F.3d 1356, 1367-68 (Fed. Cir. 2018). However, the medical evidence of record does not show that the Veteran experiences any functional impairment due to pain associated with the left great toe. The VA examiner acknowledged the reports of pain with certain activities and concluded that the condition did not result in functional impairment. The Board has considered the Veteran's lay statements regarding pain and finds that the weight of the evidence does not demonstrate that the left great toe results in functional impairment that affects earning capacity and as such does not rise to the level of a disability. Consequently, the Shedden criteria for service connection are not met and the claim for a left great toe disability must be denied. 

Right Shoulder

The Veteran seeks service connection for right shoulder degenerative joint disease. 

The AOJ found that she was diagnosed with minimal degenerative arthritis spurring in the AC joint of the right shoulder at the VA in January 2018. The question in this case is whether there was an in-service event or injury, and whether a causal relationship or nexus exists between right shoulder degenerative joint disease and active service. 

The Shedden elements of service connection have not been met as there is no evidence of an in-service injury or event involving the right shoulder. Of note, service treatment records indicate that the Veteran injured her left shoulder in April 2005. However, service records do not document any complaints relating to the right shoulder. Though the Veteran subsequently reported in March 2013 and September 2013 that she also injured her right shoulder during the April 2005 injury, the Board finds her lay statements to not be credible. Multiple service treatment records dating from April 2005 to November 2005 detail the Veteran’s initial encounter, surgery, and post-surgery recovery and therapy. Notably, these records do not contain any complaints relating to the right shoulder. Additionally, subsequent service records are silent for any right shoulder complaints. July 2006, October 2006, and May 2007 medical assessments were silent for any right shoulder complaints. A July 2007 service treatment record noted that the Veteran specifically sought treatment to ensure documentation in records from her recent separation physical. Though multiple ailments such as left shoulder pain and even a big bite were reported, she did not report a right shoulder condition. Accordingly, the preponderance of the evidence does not establish an in-service injury or event relating to the right shoulder. Service connection is not warranted on this basis as the Shedden elements of service connection are not met. 

Service connection may also be established when the evidence shows that a veteran had a chronic condition in service or during the applicable presumptive period. 38 C.F.R. § 3.303(b). Certain chronic diseases, such as arthritis, may be presumed to have been incurred or aggravated during service if they become disabling to a compensable degree within one year of separation from active duty. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309. Additionally, for those listed chronic conditions, a showing of continuity of symptoms affords an alternative route to service connection. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F. 3d 1331 (Fed. Cir. 2013).

Here, the record does not indicate that the Veteran’s right shoulder degenerative joint disease manifested in service, became disabling to a compensable degree within one year of separation of service, or was continuous since service. As noted above, service records did not document a right shoulder injury. Additionally, the Veteran’s first complaint of right shoulder pain occurred in November 2013, when she reported that she experienced right shoulder pain after working out approximately 4 to 6 months prior. Further, continuity of symptoms has not been established as the Veteran’s first complaint of right shoulder pain occurred in November 2013, nearly 6 years after active service. Accordingly, service connection is not warranted on a presumptive basis. 

The benefit of the doubt does not apply as the preponderance of the evidence is against the claim. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Alemany v. Brown, 9 Vet. App. 518, 519 (1996). The claim for right shoulder degenerative joint disease is denied. 

 

K. J. ALIBRANDO

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD S. Vang, Associate Counsel