﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 191015-38059
DATE: October 31, 2019

ORDER

Service connection for tinnitus is denied.

FINDING OF FACT

The Veteran does not have a current diagnosis of tinnitus, nor has he had a diagnosis at any point during his appeal.

CONCLUSION OF LAW

The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1101, 1110, 1131, 1154, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA) was signed into law. This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran, who is the Appellant in this case, had active duty service in the United States Navy from February 1957 to November 1976, with subsequent service in the Navy Reserves.

Procedurally, this matter is before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 rating decision that considered the evidence of record on that date. The Veteran timely appealed this decision to the Board by requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the Agency of Original Jurisdiction (AOJ).

1. Service connection for tinnitus

The Veteran seeks service connection for tinnitus.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303 (a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d). 

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff’d, 78 F.3d 604 (Fed. Cir. 1996).

Alternatively, service connection may be established under 38 C.F.R. § 3.303 (b) by (a) evidence of (i) the existence of a chronic disease in service or during an applicable presumption period under 38 C.F.R. § 3.307 and (ii) present manifestations of the same chronic disease, or (b) when a chronic disease is not present during service, evidence of continuity of symptomatology. However, the use of continuity of symptoms to establish service connection is limited only to those diseases listed at 38 C.F.R. § 3.309 (a) and does not apply to other disabilities which might be considered chronic from a medical standpoint. See Walker 

v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Pertinent to a claim for service connection, such a determination requires a finding of a current disability that is related to an injury or disease in service. Brammer 

v. Derwinski, 3 Vet. App. 223, 225 (1992). The requirement of a current disability is satisfied when the Veteran has a disability at the time he files his service connection claim or during the pendency of that claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). However, when the record contains a recent diagnosis of disability prior to the Veteran’s filing of a claim for benefits based on that disability, the report of the diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency. Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). 

Turning to the evidence, the Veteran’s service treatment records are silent for any complaints of or diagnosis of tinnitus. 

His post-service medical records are also silent on complaints of or diagnosis of tinnitus. The Veteran was afforded a VA examination in April 2019. He denied recurrent tinnitus during the examination.

The Board finds that service connection for tinnitus cannot be established as the Veteran does not have a current diagnosis of such during the pendency of his claim. Thus, where, as here, there is no probative evidence indicating that the Veteran has the disability for which service connection is sought, there can be no valid service connection claim. See Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer, 3 Vet. App. at 225.

(Continued on next page)

For the foregoing reasons, the Board finds that service connection for tinnitus must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the claim, that doctrine is not applicable. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

 

L. M. BARNARD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.