﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 200219-67903
DATE: June 16, 2020

ORDER

Entitlement to service connection for a skin condition is denied. 

Entitlement to service connection for lung condition is denied. 

REMANDED

Entitlement to service connection for peripheral neuropathy, right lower extremity, to include as secondary to exposure to cold weather, is remanded.

Entitlement to service connection for peripheral neuropathy, left lower extremity, to include as secondary to exposure to cold weather, is remanded. 

Entitlement to service connection for peripheral neuropathy, right upper extremity, to include as secondary to exposure to cold weather, is remanded. 

Entitlement to service connection for peripheral neuropathy, left upper extremity, to include as secondary to exposure to cold weather, is remanded.

FINDINGS OF FACT

1. There is no evidence of record showing that the Veteran has a skin condition that had its onset during active service or is otherwise related to service. 

2. There is no evidence of record showing that the Veteran has a lung condition that had its onset during active service or is otherwise related to service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for a skin condition are not met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.303, 3.304 (2019). 

2. The criteria for service connection for a lung condition are not met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.303, 3.304 (2019). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy June 1962 to August 1966. This matter originated with the appeal of a July 2019 rating decision by a Regional Office (RO) of the United States Department of Veterans Affairs. 

In filing his February 2020 Form 10182 Notice of Disagreement under the Appeals Modernization Act (AMA) appellate system, effective in February 2019, the Veteran selected the Evidence Submission docket. Evidence submission permits the Veteran to submit evidence within a 90-day period from the date the appeal is received; the record before the RO is also considered. 38 C.F.R. § 20.303. Here, the Veteran submitted medical evidence which was received in the 90-day period following his appeal. 

Under the AMA, the Board is bound by favorable findings made by the RO. 38 C.F.R. §§ 20.301, 20.801, 20.802. In the July 2019 AMA decision, the RO found that new and relevant evidence was submitted to warrant readjudicating the claims for service connection for neuropathies of the bilateral upper and lower extremities, to include as due to residuals of cold injuries. 38 C.F.R. § 3.104(c).

Service Connection

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C. §§ 1110, 1131. Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In order to establish service connection on a direct basis, the record requires competent evidence showing: (1) the existence of a present disability; (2) in service incurrence or aggravation of an injury or disease; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). In the absence of proof of a present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). 

Competent medical evidence is evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also include statements conveying sound medical principles found in medical treatises. It also includes statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). Competent lay evidence is any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). This may include some medical matters, such as describing symptoms or relating a contemporaneous medical diagnosis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). A layperson is generally not capable of opining on matters requiring medical knowledge. Routen v. Brown, 10 Vet. App. 183, 186 (1997). See also Bostain v. West, 11 Vet. App. 124, 127 (1998).

Skin Condition 

The Veteran is seeking service connection for a skin condition. 

STRs reflect treatment for tinea capita in November 1964. The report of his separation examination is negative for a skin condition. 

The Veteran underwent a VA skin conditions examination in June 2019. The examiner noted that the Veteran did not have a current skin condition. The Veteran denied any skin condition. The examiner noted that the Veteran’s STRs noted a transient fungal infection that was treated with antifungal medication, it was temporary and resolved. Physical examination revealed no skin rash and/or lesions. The examiner determined that there is no chronicity evidence of a persistent skin condition. 

As outlined above, the medical evidence does not reveal a diagnosis of a liver disorder. Where the evidence does not support a finding of current disability upon which to predicate a grant of service connection, there can be no valid claim for that benefit. See Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The Board finds that the evidence weighs against a finding of a current disability and service connection must therefore be denied.

Lung Condition

The Veteran is seeking service connection for a lung condition due to his time in service, to include as due to exposure to asbestos.

The Board notes that VA has conceded that the Veteran served in the Navy and was assigned to the USS Edisto and the USS Preserver. A favorable finding that the Veteran had sufficient service to meet the minimum requirements for presumptive service connection was made by the RO in its July 2019 decision. 

VA treatment records reflect that on August 23, 2018, the Veteran had a pulmonary consult due to having pneumonia. The Veteran was hospitalized in January 2018 for pneumonia and was treated with inhaler and antibiotics. The Veteran was without current respiratory complaints and was able to walk two miles and bike 2 miles on most days. He complained of a cough triggered by post-nasal drip for which he took nasal steroids and antihistamines. The VA physician determined that the Veteran’s pulmonary function tests showed no obstruction, no restriction and non-reduced diffusion capacity. The Veteran was advised to follow up in the pulmonary clinic in one year to review CT scan results. In October 2018, the Veteran was seen for a discussion of recent pulmonary function tests and pulmonology consult. The Veteran stated that he thought he had been told he had COPD. The physician stated that he found no evidence that the Veteran has COPD.

The Veteran underwent a VA respiratory conditions examination in January 2019. The examiner noted that the Veteran’s file was reviewed, including a November 2018 chest x-ray. The examiner noted the Veteran has not been diagnosed with a respiratory condition. Chest x-ray results were normal. Pulmonary function test results revealed no reduced capacities. 

The Veteran underwent a second VA respiratory conditions examination in June 2019. The examiner noted that the Veteran did not have a diagnosis of a respiratory condition. The examiner noted that the Veteran was a Radioman which had minimal probability for asbestos exposure. The Veteran denied cough, chest pain, and wheezing. He reported that he is able to walk two miles and ride a bike for 2.5 miles without becoming short of breath. The examiner noted that 2018 PFTs were normal and that no lung condition was diagnosed by pulmonologist in August 2018. His CT scan chest did not show any evidence of interstitial lung disease or pleural plaques suggestive of asbestos exposure. The examiner determined that the Veteran did not a diagnosis of a lung condition caused by asbestos exposure during service. 

As outlined above, the medical evidence does not reveal a diagnosis of a lung disorder. Where the evidence does not support a finding of current disability upon which to predicate a grant of service connection, there can be no valid claim for that benefit. See Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The Board finds that the evidence weighs against a finding of a current disability and service connection must therefore be denied.

REASONS FOR REMAND

The Board finds that under AMA a remand is required because VA committed a duty-to-assist error, with respect to the Veteran’s claims for entitlement to service connection for peripheral neuropathy of his bilateral upper and lower extremities, prior to issuing the decision on appeal. The RO did not obtain an examination and opinions prior to the July 2019 decision. 38 C.F.R. § 20.802.

Veteran is seeking service connection for peripheral neuropathies of the upper and lower extremities which he asserts is due to his time in service, to include exposure to cold weather. 

The Veteran reports that he has experienced symptoms of numbness and tingling in his bilateral upper and lower extremities since his time in service. VA has conceded that the Veteran was exposed to cold weather in service. 

Private treatment records dated November 2016 reflect the Veteran has a diagnosis of idiopathic progressive neuropathy, carpal tunnel syndrome and Raynaud’s Syndrome. 

A review of the evidence of record reveals the Veteran has not been afforded a VA peripheral nerves examination. The Board acknowledges that the Veteran was afforded a cold injury residuals examination in April 2012, however this examination did not address the Veteran’s claims of neuropathy. The Board finds that a remand of these issues is necessary to properly adjudicate them. On remand, the Veteran should be scheduled for a VA peripheral nerves examination. An opinion should be obtained as to the nature and etiology of any currently diagnosed peripheral neuropathy of the left and/or right upper extremities and left and/or right lower extremities. 

The matters are REMANDED for the following action:

1. Associate with the claims file updated VA treatment records and private medical records.

2. Schedule the Veteran for a VA peripheral nerves examination. The claim file must be reviewed in conjunction with the examination. The examiner should identify all currently diagnosed disabilities of the upper and lower extremities, to include peripheral neuropathy, carpal tunnel syndrome and Raynaud’s syndrome. 

The examiner must state whether it is at least as likely as not (50 percent probability or greater) that any currently diagnosed disability was caused or aggravated by service, to include exposure to cold weather. 

A full and complete rationale for the opinion is required.

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. M. Lunger, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.