Citation Nr: 21049993
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 11-15 245
DATE: August 13, 2021

ORDER

Service connection for a respiratory disability, manifested by difficulty breathing, is denied.

FINDING OF FACT

At no time during the appeal period has the Veteran been diagnosed with a respiratory disability.

CONCLUSION OF LAW

The criteria for service connection for a respiratory disability have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from March 1971 to January 1975.

This current matter comes before the Board of Veterans Appeals (Board) on appeal from an August 2007 rating decision. In December 2020, the Veteran testified at a hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing has been associated with the Veteran's claims file. In February 2021, the Board remanded the matter for further development. This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004). 

The Veteran seeks service connection for a respiratory disability, manifested by difficulty breathing. However, there is no evidence in the record reflecting a diagnosis of any respiratory disability during, or proximate to, the appeal period. The Veteran has not provided VA with any private treatment records to support his claim, and his VA treatment records show no evidence of a respiratory disability.

In fact, at the February 2021 hearing, the Veteran admitted that he has not been diagnosed with a respiratory disability. He testified that he believes he is more susceptible to bronchitis due to his time scuba diving in the Navy. While he described "restrictive breathing," he acknowledged his understanding that this symptom is not a diagnosed disability.

The Veteran's private medical records are silent for a diagnosis of any respiratory disorder, including chronic lung disease. While his medical records show that he has been treated several times for bouts of acute bronchitis throughout the years, these reports also illustrate that such problems have resolved each time with antibiotics. In fact, chest X rays taken in 2011 were normal. Then in 2017, he underwent an abdominal CT which noted mild bilateral lower lobe bronchial wall thickening, but no respiratory conditions were found.

During the appeal period, the Veteran has been afforded VA examinations in April 2014 and May 2021. At both examinations, he reported that he occasionally experienced shortness of breath during service, and since service, has experienced a near continuous feeling of not being able to breathe in fully. He denied ever being diagnosed with asthma or chronic obstructive pulmonary disease (COPD). He also reported that he previously had a pulmonary function test which was normal, but he did not have a copy of the report. Both examiners found that there was no evidence of any respiratory or lung condition. 

Lay persons may be competent to provide opinions on some medical issues. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). However, a diagnosis of a respiratory disability is a complex medical determination that requires specialized medical education outside the realm of common knowledge of a lay person. Id. While the Board acknowledges that the Veteran reported experiencing symptoms of restricted breathing since service, there is no evidence of record showing that he has been diagnosed with a respiratory disability at any time during, or proximate to, the period on appeal. Consequently, the Board gives more probative weight to the competent medical evidence, or lack thereof.

Congress has limited entitlement to service connection for disease or injury to cases where such incidents have resulted in a disability. 38 U.S.C. § 1110. Here, the Veteran has not actually asserted that he has a respiratory disability, nor is there evidence in the record reflecting a diagnosis of such a disorder. In the absence of proof of present disability, there can be no valid claim. Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223 (1992). 

Given the above, the Board finds that the preponderance of the evidence of record is against finding that the Veteran has had a respiratory disability at any time 

(CONTINUED ON NEXT PAGE)

during, or approximate to, the pendency of this claim. As the preponderance of the evidence is against this claim, it must be denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. Benson, Associate Counsel 

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.