Citation Nr: 1829310 
Decision Date: 05/25/18 Archive Date: 06/12/18

DOCKET NO. 13-24 425 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUES

1. Entitlement to service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD). 

2. Entitlement to service connection for dementia. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C. Kass, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1950 to August 1952. The Appellant is his surviving spouse and she has been substituted into this appeal.. 

This matter comes before the Board of Veterans' Appeals (Board) from a May 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Little Rock, Arkansas.

Considering the procedure history of this appeal, the Board finds that there is no pending hearing request.


FINDINGS OF FACT

1. The Veteran had not been diagnosed with an acquired psychiatric disorder, including PTSD, during his lifetime. 

2. The preponderance of the evidence is against a finding that the Veteran had dementia related to an event, injury, or disease in service.


CONCLUSIONS OF LAW

1. Service connection for an acquired psychiatric disorder, to include PTSD is not warranted. 3 8 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102 , 3.303, 3.307, 3.309 (2017).

2. Service connection for dementia is not warranted. 3 8 U.S.C. §§ 1131 , 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. VCAA

The VCAA, in part, describes VA's duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). 

VA satisfied the duty to notify in this appeal as to the claim, and neither the Appellant nor her representative has asserted any error as to this duty. See Scott v. McDonald, 789 F. 3d 1375 (Fed. Cir. 2015); Dickens v. McDonald, 814 F.3d 1359 (Fed. Cir. 2016). 

Regarding the duty to assist, the Veteran's service treatment records (STRs) are unavailable. The RO made a formal finding that such records were unavailable in October 2011 and October 2012. In cases such as these, VA has a heightened duty to explain its findings and conclusions and to consider carefully the benefit of the doubt rule. 38 U.S.C. § 5107 (b); O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). However, the threshold for allowance of a claim is not lowered and the need for probative medical nexus evidence causally relating the current disability at issue to service is not eliminated; rather, the Board's obligation to discuss and evaluate evidence and consider the benefit of the doubt rule is heightened. Russo v. Brown, 9 Vet. App. 46 (1996). 

No additional pertinent evidence has been identified by the Veteran as relevant to the issue adjudicated herein. The Veteran was provided with a VA examination in November 2012 for PTSD. The Board finds the November 2012 opinion, taken together with the treatment records, provide adequate competent evidence to allow the Board to decide this matter, and that no further development of the evidentiary record is necessary. The Board is satisfied that evidentiary development is complete; VA's duties to notify and assist are met. The Veteran is not prejudiced by the process in this matter. Conway v. Principi, 353 F.3d 1369 (Fed. Cir. 2004).

The Board notes the Veteran was not afforded a VA examination for his claim for service connection for dementia. In determining whether the duty to assist requires that a VA medical examination be provided or medical opinion obtained with respect to the Veteran's claim for service connection, there are four factors for consideration. These four factors are: (1) whether there is competent evidence of a current disability or persistent or recurrent symptoms of a disability; (2) whether there is evidence establishing that an event, injury, or disease occurred in service, or evidence establishing certain diseases manifesting during an applicable presumption period; (3) whether there is an indication that the disability or symptoms may be associated with the Veteran's service or with another service-connected disability; and (4) whether there otherwise is sufficient competent medical evidence of record to make a decision on the claim. 38 U.S.C. § 5103A (d), 38 C.F.R. § 3.159 (c)(4). 

With respect to the third factor above, the United States Court of Appeals for Veterans Claims (Court) has stated that this element establishes a low threshold and requires only that the evidence "indicates" that there "may" be a nexus between the current disability or symptoms and the Veteran's service. The types of evidence that "indicate" that a current disability "may be associated" with military service include, but are not limited to, medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits, or credible evidence of continuity of symptomatology such as pain or other symptoms capable of lay observation. McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

The Board concludes that an examination and opinion with respect to the Veteran's claim of service connection for dementia is not needed because the only evidence indicating such a disability is related to service are general, conclusory lay statements. The Veteran asserted he had trouble remembering things at his age. However, as will be explained further below, there is no medical evidence of record regarding a nexus between his dementia and service. As there is no indication of an event or injury in service or a causal connection by competent lay or medical evidence, an examination is not warranted. See McLendon, supra. 

II. Service Connection 

Service connection may be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303(a) (2017). In general, service connection requires competent and credible evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the current disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

A. An Acquired Psychiatric Disability

The Appellant contends the Veteran's PTSD was due to service. In this case, there is no diagnosis for an acquired psychiatric disorder, to include PTSD. 

Service connection for PTSD requires a medical diagnosis; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).

In April 2011, VA treatment records showed the Veteran had a positive screen for PTSD. 

Treatment records consistently showed the Veteran denied any problems with mood, anxiety, mania, and psychosis. See August 2011 treatment records. 

In November 2012, a VA examiner determined the Veteran did not fulfill the criteria for a PTSD diagnosis. Although he demonstrated a depressed mood and memory impairment, as he did not have persistent avoidance of stimuli associated with the trauma and numbing of general responsiveness. Further, the examiner found that he did not have any mental disorder. The Veteran reported that his stressor occurred when he was standing next to a buddy who was blown up by a landmine. 

The Board finds that the evidence of record does not support a finding of service connection for an acquired psychiatric disorder, to include PTSD. The Board is aware that the appellant has asserted that the Veteran would meet the criteria for a PTSD diagnosis under the DSM-5. The appellant has not been shown to have the medical knowledge necessary to provide competent opinion regarding psychiatric diagnosis. Considering all the evidence currently of record, the Board is sympathic to the appellant's claim but does not find a basis under the duty to assist to remand for an opinion regarding whether the Veteran would have met the criteria under the DSM-5. During his lifetime, the Veteran was provided a comprehensive examination and found not to have an acquired psychiatric disability, and the Board finds that the duty to assist in this regard has been met under the procedural and pragmatic considerations of this appeal.

In the absence of proof of a current disability, there can be no valid claim for service connection. Brammer v. Derwinski, 3 Vet. App. 223 (1992); Gilpin v. Brown, 155 F.3d 1353 (Fed. Cir. 1998) (service connection may not be granted unless a current disability exists). The Appellant has not submitted any medical evidence that shows that the Veteran diagnosed PTSD. Although there are records in which a clinician questions the Veteran's psychiatric diagnosis, and indicates that PTSD has to be ruled out, subsequent evaluations confirm that the Veteran does not have an acquired psychiatric disability. In this regard, the Board finds that the record, to include review of the recent VA examination, confirm that the Veteran does not meet the diagnostic criteria for PTSD. There is no indication of a PTSD diagnosis during any period in appellate status or a period near in time to the period in appellate status.

Here, because there is no diagnosis of an acquired psychiatric disorder, to include PTSD, service connection cannot be granted. Brammer v. Derwinski, 3 Vet. App. 223 (1992). The Board acknowledges that the Veteran had a positive PTSD screen, however, a positive screen is not a diagnosis. Accordingly, the Board finds that the preponderance of the evidence is against the claim, and the claim must be denied. 38 U.S.C. § 5107(b) (2012); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

B. Dementia

The Appellant contends that the Veteran's dementia was related to service. 

The Board finds that the evidence of record does not support a finding of service connection for dementia. The Veteran was diagnosed with dementia in August 2008. He showed mild dementia in May 2010. In August 2011, the Veteran admitted memory problems. The record shows that the Appellant consistently reported that the Veteran's memory was poor. There is no evidence of a nexus between his dementia and service. 

The Board has considered the Veteran's and the Appellant's statements made in support of the claim. However, Veteran and the Appellant have not demonstrated any specialized knowledge or expertise to indicate he is capable of rendering a competent medical opinion. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to this specific issue, the etiology of his dementia, falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007).

In light of the foregoing, the Board concludes that the preponderance of the evidence is against the Appellant's claim of service connection for dementia. Accordingly, it must be denied. 


ORDER

Service connection for an acquired psychiatric disorder, to include PTSD is denied. 

Service connection for dementia is denied. 



____________________________________________
Nathaniel J. Doan
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs