﻿Citation Nr: 18106789
Decision Date: 05/31/18 Archive Date: 05/31/18

DOCKET NO. 14-06 865
DATE: May 31, 2018
ORDER
The appeal of a total disability rating based on individual unemployability (TDIU) due to service-connected disabilities is dismissed.
The appeal of the service connection claim for a heart disorder is dismissed.
New and material evidence has been presented, and the claim of entitlement to service connection for an acquired psychiatric disorder is reopened.
Compensation under 38 U.S.C. § 1151 for additional disability incurred as a result of VA medical treatment at the Miami VAMC in August 2008 resulting in a diagnosis of hepatitis C is denied.
REMANDED
Service connection for an acquired psychiatric disorder, to include as secondary to a service connected disability, is remanded.
A rating in excess of 10 percent for service connected chronic gastroenteritis with duodenal ulcer disease is remanded.
A compensable rating for service connected recurrent pilonidal cyst is remanded.
FINDINGS OF FACT
1. At the January 2018 Board hearing and before the promulgation of a decision in the appeal, the Veteran notified the Board that he wished to withdraw his service connection claim for a heart disorder and TDIU.
2. The evidence of record does not demonstrate that the Veteran has an additional disability due to medical treatment at the Miami VAMC in August 2008.
CONCLUSIONS OF LAW
1. The criteria for withdrawal of the service connection claim for a heart disorder have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.204.
2. The criteria for withdrawal of the claim for a TDIU have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.204.
3. In a March 2006 rating decision, the Veteran’s claim for service connection for an acquired psychiatric disorder was denied as the evidence failed to establish that his acquired psychiatric disorder was due to his active service or secondary to a service connected disability. This decision was not appealed and no new and material evidence was submitted within a year of that decision.
4. The evidence received since the March 2006 rating decision includes evidence that relates to an unestablished fact necessary to substantiate the claim for service connection for an acquired psychiatric disorder, is neither cumulative nor redundant of evidence already of record, and raises a reasonable possibility of substantiating the claim.
5. The criteria for compensation under 38 U.S.C. § 1151 for medical treatment at the Miami VAMC in August 2008 have not been met. 38 U.S.C. §§ 1151, 5107; 38 C.F.R. §§ 3.102, 3.361, 17.32.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran had active service in the Navy from January 1969 to December 1972.
In connection with this appeal, the Veteran testified at a hearing before the undersigned Veterans Law Judge in January 2018. A transcript of that hearing is of record.
Withdrawn Claims
The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the Veteran or by his authorized representative. Id. In the present case, in at the January 2018 Board hearing, the Veteran expressly withdrew his appeal with regard to the issues of entitlement to service connection for a heart disorder and entitlement to a TDIU prior to promulgation of an appellate decision; hence, there remain no allegations of errors of fact or law for appellate consideration with respect to these specific matters Accordingly, the Board does not have jurisdiction to review the appeal of these issues and they are therefore dismissed.
Reopening Claims
New evidence is defined as evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).
When determining whether the claim should be reopened, the credibility of the newly submitted evidence is to be presumed. Fortuck v. Principi, 17 Vet. App. 173, 179-80 (2003); Justus v. Principi, 3 Vet. App. 510 (1992). Moreover, in Shade v. Shinseki, 24 Vet. App. 110, 117-18 (2010), the U.S. Court of Appeals for Veterans Claims (Court) clarified that the phrase “raises a reasonable possibility of substantiating the claim” is meant to create a low threshold that enables, rather than precludes, reopening. Specifically, the Court stated that reopening is required when the newly submitted evidence, combined with VA assistance and considered with the other evidence of record, raises a reasonable possibility of substantiating the claim. Id.
The Veteran’s claim of entitlement to service connection for an acquired psychiatric disorder was denied in a March 2006 rating decision. The Veteran did not appeal the March 2006 rating decision, nor did he submit any new and material evidence within a year of the July 2014 rating decision. See 38 C.F.R. §3.156(b). The March 2006 rating decision thereby became final.
At the time of the March 2006 rating decision, the record consisted of the Veteran’s STRs, VA treatment records, and private treatment records.
Evidence received since the March 2006 rating decision includes additional VA treatment records and the Veteran’s testimony at a Board hearing. This evidence is presumed credible for the limited purposes of reopening the claim, and when that is done, the new information is considered to be material and is therefore sufficient to reopen the previously-denied claim. 38 C.F.R. § 3.156(a); Shade v. Shinseki, 24 Vet. App. 110 (2010). Accordingly, the claim is reopened.
1151 Claim
The Veteran asserts that VA was negligent in August 2008 in providing a colonoscopy, which resulted in his contracting hepatitis C. His claim was denied by a March 2010 rating decision.
At the January 2018 Board hearing, the Veteran testified that he underwent a colonoscopy at the Miami VAMC in 2008 and the equipment was not sanitized, resulted in him having hepatitis C. He acknowledged that he did not have a diagnosis of hepatitis C and only had hepatitis C antibodies, but he felt that since he had hepatitis C antibodies then he had contracted hepatitic C at some point.
Where a veteran has an additional disability resulting from a disease or injury or an aggravation of an existing disease or injury suffered as a result of training, hospital care, medical or surgical treatment, or an examination by VA, disability compensation shall be awarded in the same manner as if such additional disability or death were service-connected. See 38 U.S.C. § 1151.
Under 38 U.S.C. § 1151, compensation shall be awarded for a qualifying additional disability or a qualifying death of a Veteran in the same manner as if such additional disability were service connected. A disability or death is a qualifying additional disability or qualifying death if the disability or death was not the result of the Veteran’s willful misconduct, the disability or death was caused by hospital care, medical or surgical treatment, or examination furnished the Veteran under any law administered by the Secretary, either by a Department employee or in a Department facility, and the proximate cause of the disability or death was either carelessness, negligence, lack of proper skill, error in judgment, or similar instance of fault on the part of the Department in furnishing the hospital care, medical or surgical treatment, or examination; or an event not reasonably foreseeable. See 38 U.S.C. § 1151.
The Veteran’s medical records show that he underwent a colonoscopy in August 2008. An April 2009 blood test showed that he may have had a hepatitic C infection in the past, but found that he did not have any active hepatitis infection and any previous infection appeared resolved.
In December 2009, the Veteran was afforded a VA examination. The examiner reported that the Veteran was positive for hepatitic C antibodies, but he had no active hepatitis infection. The examiner reported that a review of the Veteran’s medical records show that he had elevated liver enzymes since 2001 and he had elevated liver function tests in 2001 and 2003, which were prior to the August 2008 colonoscopy. The examiner reported that the Veteran’s hepatitis C viral load was less than 43, which was practically negative.
The Veteran’s medical records do not show any treatment or diagnosis of hepatitis C. As such, the record does not show any current diagnosis of hepatitis C.
In the absence of proof of a current disability, there can be no valid claim for service connection. Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000); Giplin v. West, 155 F.3d 1353 (Fed. Cir. 1998); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (indicating service connection presupposes a current diagnosis of the condition claimed). The requirement that a current disability be present is satisfied “when a claimant has a disability at the time a claim for VA disability compensation is filed or during the pendency of that claim...even though the disability resolves prior to the Secretary’s adjudication of the claim.” McClain v. Nicholson, 21 Vet. App. 319 (2007); see also Romanowsky v. Shinseki, 26 Vet. App. 289 (2013).
Here the Veteran has not shown by medical evidence to have hepatitis C.
Without a chronic disability shown, the criteria for an 1151 claim cannot be met, as such a claim requires an additional disability to result from VA care. Here, the evidence fails to establish that the Veteran’s medical and surgical treatment at the Miami VAMC in August 2008 resulted in an additional disability. Accordingly, the criteria for an 1151 claim have not been met and the Veteran’s claim is denied.
REASONS FOR REMAND
The Veteran has asserted that his acquired psychiatric disorder is due to his service connected chronic gastroenteritis with duodenal ulcer disease and recurrent pilonidal cyst.
The Veteran’s STRs show that in May 1972, he was noted to seem depressed, and in April 1974, he was noted to be anxious. At the January 2018 Board hearing, the Veteran testified that he started psychiatric treatment after his separation from service.
While the Veteran was afforded a VA examination in December 2009, the examiner did not comment on the symptoms that were noted during his Veteran’s active service. As such, a new VA examination is required to adjudicate the service connection claim.
Regarding the Veteran’s increased rating claims for chronic gastroenteritis with duodenal ulcer disease and recurrent pilonidal cyst, he was last afforded VA examinations for these conditions in December 2009. As such, new examinations are required to evaluate the current nature and severity of the Veteran’s chronic gastroenteritis with duodenal ulcer disease and recurrent pilonidal cyst.
The matters are REMANDED for the following action:
1. Schedule the Veteran for a VA examination with a psychiatrist or psychologist to determine the nature and likely etiology of any acquired psychiatric disorder. The examiner should provide opinions responding to the following:
a. What is (are) the diagnosis(es) for the Veteran’s current psychiatric disability(ies), if any?
b. Is at least as likely as not (50 percent or better probability) that the Veteran’s acquired psychiatric disorder either began in or was otherwise caused by the Veteran’s active service? Why or why not? In answering this question, the examiner should specifically address the relevance, if any, of the Veteran’s STRs showing anxiety and depression during active service.
c. Is it at least as likely as not (50 percent or greater probability) that the Veteran’s acquired psychiatric disorder was caused by a service-connected disability (to include gastroenteritis)? Why or why not? In answering this question, the examiner should address the lay statements of the Veteran and his wife that he had an acquired psychiatric disorder due to his service connected disabilities.
d. Is it at least as likely as not (50 percent or greater probability) that the Veteran’s acquired psychiatric disorder was aggravated by a service-connected disability (to include gastroenteritis)? Why or why not?
Should aggravation be found by the examiner, the examiner should attempt to identify a baseline for the acquired psychiatric disorder prior to the aggravation occurring.
2. Schedule the Veteran for a VA examination to determine the current nature and severity of his service connected chronic gastroenteritis with duodenal ulcer disease and recurrent pilonidal cyst.

 
MATTHEW W. BLACKWELDER
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD T. Berryman, Associate Counsel