﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/26/19

DOCKET NO. 190214-1798
DATE: August 27, 2019

ORDER

Entitlement to service connection for abdominal pain is denied.

Entitlement to service connection for chronic gastroenteritis is denied.

Entitlement to service connection for a back disorder is denied.

REMANDED

Entitlement to service connection for erectile dysfunction, to include as secondary to service connected depression or posttraumatic stress disorder (PTSD), is remanded.

Entitlement to service connection for sleep apnea, to include as secondary to service-connected depression, PTSD, sinusitis, and nasal fracture, is remanded.

Entitlement to service connection for left foot pain is remanded.

FINDINGS OF FACT

1. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a diagnosis of abdominal pain.

2. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a diagnosis of chronic gastroenteritis.

3. The preponderance of the evidence of record is against finding that the Veteran has, or has had at any time during the appeal, a diagnosis of back pain.

CONCLUSIONS OF LAW

1. The criteria for service connection for abdominal pain are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.317. 

2. The criteria for service connection for chronic gastroenteritis are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.317. 

3. The criteria for service connection for a back disorder are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.317. 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from April 1982 to June 1992, to include service in the Southwest Asia theater.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.

1. Entitlement to service connection for abdominal pain.

2. Entitlement to service connection for chronic gastroenteritis.

3. Entitlement to service connection for a back disorder.

The Veteran asserts that he has current diagnoses of abdominal pain, chronic gastroenteritis, and a back disorder that are related to his service.

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131. Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

In addition to the regulations cited above, because the Veteran served in the Southwest Asia Theater of Operations since August 2, 1990, service connection may also be established under 38 C.F.R. § 3.317 (2018). Under 38 C.F.R. § 3.317, service connection may be warranted for a Persian Gulf Veteran who exhibits objective indications of a qualifying chronic disability that became manifest during active military, naval or air service in the Southwest Asia Theater of Operations during the Persian Gulf War.

For a disability due to undiagnosed illness and medically unexplained chronic multisymptom illness, the disability must have been manifest either during active military service in the Southwest Asia Theater of Operations or to a degree of 10 percent or more not later than December 31, 2021. 38 C.F.R. § 3.317(a)(1) (2018).

For purposes of 38 C.F.R. § 3.317, there are three types of qualifying chronic disabilities: (1) an undiagnosed illness; (2) a medically unexplained chronic multisymptom illness; and (3) a diagnosed illness that the Secretary determines in regulations prescribed under 38 U.S.C. § 1117(d) warrants a presumption of service connection.

An undiagnosed illness is defined as a condition that by history, physical examination and laboratory tests cannot be attributed to a known clinical diagnosis. In the case of claims based on undiagnosed illness under 38 U.S.C. § 1117 and 38 C.F.R. § 3.317, unlike those for direct service connection, there is no requirement that there be competent evidence of a nexus between the claimed illness and service. Gutierrez v. Principi, 19 Vet. App. at 8-9.

A medically unexplained chronic multisymptom illness is one defined by a cluster of signs or symptoms and specifically includes chronic fatigue syndrome, fibromyalgia, and functional gastrointestinal disorders (excluding structural gastrointestinal diseases), as well as any other illness that the Secretary determines meets the criteria in paragraph 38 C.F.R. § 3.317(a)(2)(ii) of this section for a medically unexplained chronic multisymptom illness.

A “medically unexplained chronic multisymptom illness” contemplates a diagnosed illness without conclusive pathophysiology or etiology that is characterized by overlapping symptoms and signs and has features such as fatigue, pain, disability out of proportion to physical findings, and inconsistent demonstration of laboratory abnormalities. Chronic multisymptom illnesses of partially understood etiology and pathophysiology will not be considered medically unexplained. 38 C.F.R. § 3.317(a)(2)(ii).

For purposes of 38 C.F.R. § 3.317, disabilities that have existed for six months or more and disabilities that exhibit intermittent episodes of improvement and worsening over a six-month period will be considered chronic. The six-month period of chronicity will be measured from the earliest date on which the pertinent evidence establishes that the signs or symptoms of the disability first became manifest. 38 C.F.R. § 3.317(a)(4).

“Objective indications of chronic disability” include both “signs,” in the medical sense of objective evidence perceptible to an examining physician, and other, non-medical indicators that are capable of independent verification. 38 C.F.R. § 3.317(a)(3).

Signs or symptoms that may be manifestations of undiagnosed illness or medically unexplained chronic multisymptom illness include, but are not limited to, the following: (1) fatigue; (2) signs or symptoms involving skin; (3) headache; (4) muscle pain; (5) joint pain; (6) neurologic signs or symptoms; (7) neuropsychological signs or symptoms; (8) signs or symptoms involving the respiratory system (upper or lower); (9) sleep disturbances; (10) gastrointestinal signs or symptoms; (11) cardiovascular signs or symptoms; (12) abnormal weight loss; and (13) menstrual disorders. 38 C.F.R. § 3.317(b).

The Veteran contends that he is entitled to service connection for abdominal pain, chronic gastroenteritis, and a back disorder. However, as shown below, the evidence of record fails to reflect a confirmed diagnosis of gastroenteritis or any other abdominal or back disorder, to include an undiagnosed illness. 

Service treatment records reflect that the Veteran complained of abdominal pain, nausea, and vomiting and was diagnosed with chronic gastroenteritis in March 1984. He was seen for similar complaints of diarrhea and abdominal pain in April 1984, at which time his treating nutritionist indicated that his symptoms were secondary to consumption of fried, high-fat foods. He was treated in 1990 for complaints of back pain after a basketball game and diagnosed with probable strain. No follow-up treatment for any abdominal or back problems is present in the record. The Veteran declined a separation examination in May 1992. 

In the July 1992 VA general examination, the examiner observed that the Veteran’s abdomen is soft and nontender, with no organomegaly. The examiner found that the Veteran’s digestive system is negative. The examiner also observed that the Veteran had full range of motion in all joints and was able to forward bend within two to three inches from the floor with his knees straight. The examiner also observed that the Veteran has good range of motion of lateral flexion and rotation of the spine and hyperextension. 

In a November 2016 VA treatment record, the Veteran complained of back pain flare-ups. In a January 2017 VA treatment record, the Veteran stated he had a back injury from an in-service fall. He stated that he fell backwards from a vehicle and complained of on and off back pain in service. The medical provider indicated that the Veteran had a provisional diagnosis of low back pain.

On the August 2017 VA intestinal conditions examination, the examiner found that the Veteran does not now have and has not ever been diagnosed with an intestinal condition. The Veteran reported that he first noticed stomach and intestinal symptoms in-service in 1982 from the military foods and mess hall. He stated that he did not report these symptoms to any medical providers or seek medical help. The Veteran reports that he takes over the counter medications for his stomach symptoms. The Veteran also reports that his intestinal symptoms impact his ability to work because the symptoms cause him to be irritable. The examiner remarked that the Veteran never reported any gastrointestinal symptoms or problems at all over the years but only reported the symptoms on the VA examination. The examiner stated there is no objective evidence to support a diagnosis of a gastrointestinal condition. The examiner concluded that no diagnosis is warranted. 

On the August 2017 VA stomach and duodenal conditions examination, the examiner found that the Veteran does not now have or ever had any stomach or duodenum conditions. The Veteran stated that he has stomach pain intermittently since 1991 or 1992. He stated that despite having these symptoms, he never reported the symptoms for medical help or treatment. The Veteran stated that his stomach conditions causes him to be less efficient at work. The examiner remarked that there is no objective evidence to support his subjective claim of a gastrointestinal condition. Therefore, there is no diagnosis warranted. 

On the August 2017 VA back examination, the examiner indicated that the Veteran does not now have or has ever been diagnosed with a back disorder. The Veteran reported that he first injured his low back in 1983 while running in the gym and playing basketball. He stated he fell on the wooden floor. He stated that he also believes that the ruck marching and physical training further aggravated his back. The Veteran admitted that his tailbone was never fractured but was “traumatized.” The Veteran reported that he experienced flare-ups and that his low back symptoms had reduced his ability to play with his young son as there is less flexibility and mobility in the back. The Veteran stated that his back symptoms impact his ability to work by decreasing his work efficiency. The examiner remarked that the Veteran’s back is completely normal without any restriction or decrease in the range of motion. The examiner found no tenderness or pain with movement, maneuvers, or with deep palpations of the spine and related structures. Therefore, the examiner concluded there is no objective evidence to support the Veteran’s subjective claim of having a back disorder, and no diagnosis of the back is warranted. 

In September 2018 statements, the Veteran stated that his service treatment records (STRs) show that in March 1984 he was diagnosed with chronic gastroenteritis and abdominal pain and discomfort. He stated that his post-service medical records show that he continued to have gastroenteritis and abdominal related issues. The Veteran also asserted that his STRs clearly show that he experienced in-service back problems. He stated that post-service treatment records show that he continued to complain of problems and pain in the back. 

Presently, VA treatment records are silent for complaints or, treatment for, or diagnoses of abdominal pain or chronic gastroenteritis. The VA treatment records indicate that the Veteran has complained of back pain and has received physical therapy from VA. 

In relation to an undiagnosed illness, the August 2017 VA examiner opined that there is no evidence for an undiagnosed illness, a diagnosable but medically unexplained chronic multisymptom illness of unknown etiology, or a diagnosable chronic multisymptom illness with a partially explained etiology. The examiner concluded that the lack of pathology for any abdominal or back disorder was an indication that no condition exists to be diagnosed, not that there is any underlying undiagnosed illness or disability.

Based on the foregoing, the Veteran is not shown to have had a diagnosis of abdominal pain, chronic gastroenteritis, or a back disorder during the appeal period. Further, there is no evidence he had a diagnosis prior to his date of claim to indicate that such a disability existed when it was filed. In making this determination, the Board acknowledges that there are no complaints or treatment of gastrointestinal problems more recent than April 1984, and no complaints or treatment of any back pain more recent than October 1990, in the Veteran’s treatment records. Additionally, there are no objective findings by the VA examiner to confirm any of the Veteran’s reported symptoms. Furthermore, the Veteran has been afforded VA examinations in August 2017 where his statements, subjective and objective symptoms, and treatment records were considered, and it was that examiner’s opinion that the Veteran did not have any diagnosable disability related to the symptoms experienced in the back or the abdomen. The Board finds this opinion to have substantial probative value. See Bloom v. West, 12 Vet. App. 185, 187 (1999) (the value of a physician’s statement is dependent, in part, upon the extent to which it reflects “clinical data or other rationale to support his opinion”); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (it must be clear from the record that an opinion provider “was informed of the relevant facts” when rendering a medical opinion). Because there is no competent evidence to the contrary, the opinion is persuasive.

The Board observes that the existence of a current disability is the cornerstone of a claim for VA disability compensation. Degmetich v. Brown, 104 F. 3d 1328 (Fed. Cir. 1997); Gilpin v. West, 155 F.3d 1353 (Fed. Cir. 1998). In the absence of evidence of a current disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); see McClain v. Nicholson, 21 Vet. App. 319 (2007) (finding that the requirement for a current disability is satisfied if the claimant has a disability at the time a claim was filed or at any time during the pendency of the appeal, even if the disability resolves prior to the Secretary’s adjudication of the claim). As discussed, the competent evidence of record does not show that the Veteran has a current diagnosis of a disability manifested by abdominal pain, chronic gastroenteritis, or a back disorder; therefore, service connection for abdominal pain, chronic gastroenteritis, and a back disorder on a direct basis must be denied.

The Board further finds that the Veteran is not shown to have an undiagnosed illness involving his claimed abdominal pain, chronic gastroenteritis, or back symptoms. Specifically, the August 2017 VA examiner explained that although there is no diagnosis assignable to the Veteran’s abdominal or back complaints, there is also no underlying pathology or undiagnosed illness to account for his reported symptoms. As noted above, the examiner found the lack of pathology for any abdominal pain, chronic gastroenteritis, or back disorder to be a “statement that no condition exists to be diagnosed,” not that there is any underlying undiagnosed illness or disability. The Board therefore finds that the Veteran is not shown to have a “qualifying chronic disability” involving abdominal pain, chronic gastroenteritis, or the back. See 38 C.F.R. § 3.317(a)(2)(i). Accordingly, the provisions of 38 U.S.C. § 1117 and 38 C.F.R. § 3.317 are not applicable.

The Board has considered the Veteran’s lay statements wherein he asserts that his symptoms of abdominal pain, chronic gastroenteritis, and a back disorder are related to his service. While he may be competent to testify as to the physical symptoms he experiences, it is beyond his competence as a layperson to provide a diagnosis for those symptoms. It is also beyond his competence as a layperson to opine that any of his symptoms are related to his service. The Veteran lacks the training to diagnose any abdominal disorder, chronic gastroenteritis, or back disorder and to opine whether a current diagnosis may (in the absence of any evidence of continuity, as here) be related to service; these are questions that are medical in nature and may not be resolved by mere lay observation. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007) (holding that whether lay evidence is competent and sufficient in a particular case is a fact issue to be addressed by the Board rather than a legal issue to be addressed by the Court).

As the preponderance of the evidence is against the claims, the benefit-of-the-doubt doctrine cannot be applied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

REASONS FOR REMAND

The issues of entitlement to service connection for erectile dysfunction, sleep apnea, and left foot pain are remanded to correct duty to assist errors that occurred prior to the January 2019 rating decision on appeal. Remand is necessary to obtain an addendum VA opinion, or a new VA examination if necessary. When VA undertakes to obtain an opinion, it must ensure that the opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). A medical opinion is considered adequate “where it is based on consideration of the veteran’s prior medical history and examinations and also describes the disability, if any, in sufficient detail so that the Board’s evaluation of the claimed disability will be a fully informed one.” Stefl v. Nicholson, 21 Vet. App. 120, 123 (2007).

1. Entitlement to service connection for erectile dysfunction, to include as secondary to depression or PTSD, is remanded.

Here, in June 2017, prior to the January 2019 rating decision on appeal, the Veteran submitted medical literature relating erectile dysfunction to depression and to sleep disorders. 

On a July 2017 VA examination, the examiner diagnosed the Veteran with erectile dysfunction from the 1990s. The examiner opined that the Veteran’s erectile dysfunction is less likely than not due to or the result of service-connected disabilities. The examiner reasoned that the erectile dysfunction is not proximately due to service-connected depression. 

On the August 2017 VA male reproductive system examination, the examiner indicated that the Veteran has a diagnosis of erectile dysfunction from 2016. The Veteran reported that he first experienced erectile dysfunction around 2004. However, he stated that he sought treatment from VA in 2015 or 2016. The examiner stated that the etiology of the Veteran’s erectile dysfunction was due to the normal aging process. The examiner opined that the Veteran’s erectile dysfunction is less likely than not related to or caused by his Gulf War environmental exposure because erectile dysfunction is due to the normal aging process. 

In a September 2018 statement, the Veteran asserts that his erectile dysfunction is secondary to depression with insomnia and sleep apnea. The Veteran states there is medical literature supporting his assertion. At that time, he submitted medical literature supporting his assertion that there is a nexus between erectile dysfunction and sleep disorders. 

The Board finds that the examiner’s opinions and rationales do not offer sufficient detail for the Board to make an informed decision regarding causation or aggravation of the Veteran’s erectile dysfunction by his service-connected depression. Therefore, remand is required to obtain an addendum VA opinion, or to provide an additional VA examination if found necessary.

2. Entitlement to service connection for sleep apnea, to include as secondary to depression, PTSD, sinusitis, and nasal fracture, is remanded.

Here, on the July 2017 VA examination, the examiner indicated that the Veteran has never had sleep apnea. The examiner remarked that the Veteran has not been provided a sleep study. The examiner opined that it is less likely than not that the Veteran’s sleep apnea is secondary to service-connected nasal fracture or chronic sinusitis with headaches. The examiner reasoned that a remote history of nasal fracture while in service does not cause sleep apnea. The examiner stated that sleep apnea is caused by a relaxation of the oropharyngeal musculature causing a reversal obstruction of a person’s airway during sleep. The examiner stated that for this same reason the Veteran’s chronic sinusitis does not cause sleep apnea. 

In July 2017, prior to the rating decision on appeal, the Veteran submitted medical literature relating nasal involvement of sleep apnea. 

On the August 2017 VA sleep apnea disability benefits questionnaire (DBQ) the examiner indicated that the Veteran was diagnosed with sleep apnea in 2014. The examiner opined that the Veteran’s sleep apnea is less likely than not related to or caused by his Gulf War environmental exposure. 

In a September 2018 statement, the Veteran asserts that scientific studies have shown that those with chronically stuffed sinuses also had sleep apnea. He quoted Dr. J.A, an ear, nose, and throat surgeon at a university, who stated that “poor sleep, feeling tired, and fatigue are all frequent complaints of patients with chronic sinus disease.” He asserts that his sleep apnea resulted from and is aggravated by his service-connected sinusitis. 

In September 2018 and October 2018, the Veteran submitted medical literature that supports his assertion that there is a nexus between sleep apnea and depression and sleep apnea and sinusitis. 

The Board finds that the examiner’s opinions and rationales do not offer sufficient detail for the Board to make an informed decision regarding causation or aggravation between the Veteran’s service-connected depression, sinusitis, and nasal fracture and sleep apnea. Therefore, remand is required to obtain an addendum VA opinion, or to provide an additional VA examination if found necessary.

3. Entitlement to service connection for left foot pain is remanded.

Here, the August 2017 examiner found that the Veteran does not have symptoms due to a hallux valgus condition. The examiner noted that the Veteran subjectively reported that he has pain in the left foot at the medial part and bottom of the arch. But on examination the examiner observed both feet reveled no tenderness or pain. The examiner opined that the Veteran’s bilateral bunions and hallux valgus are less likely than not incurred in or related to his Gulf War environmental exposure. 

However, the Board observes that the examiner only addressed whether the Veteran’s exposure to Gulf War environmental hazards caused his foot disorder. Further, the examiner did not address the Veteran’s assertion that he experienced foot pain or a foot injury in service that persisted and is directly related to service. Therefore, the August 2017 opinion is inadequate, and another medical opinion is warranted. 

The matters are REMANDED for the following action:

1. Obtain an addendum opinion, and if necessary an additional VA examination, from an appropriate clinician to determine the nature and etiology of the Veteran’s claimed erectile dysfunction. The examiner must opine whether it is at least as likely as not that any diagnosed erectile dysfunction began in or is otherwise related to the Veteran’s service. 

The examiner must also opine as to whether it is at least as likely as not that:

• The Veteran’s erectile dysfunction was caused by his service-connected depression or PTSD, or

• The Veteran’s erectile dysfunction was aggravated beyond its natural progression by his service-connected depression or PTSD.

The examiner must address the submitted medical literature in light of any negative opinion. 

2. Obtain an addendum opinion, and if necessary an additional VA examination, from an appropriate clinician to determine the nature and etiology of the Veteran’s claimed sleep apnea. The examiner must opine whether it is at least as likely as not that any diagnosed sleep apnea began in or is otherwise related to the Veteran’s service. 

The examiner must also opine as to whether it is at least as likely as not that:

• The Veteran’s sleep apnea was caused by his service-connected depression or PTSD, or

• The Veteran’s sleep apnea was aggravated by his service-connected depression or PTSD, or

• The Veteran’s sleep apnea was caused by his service-connected sinusitis, or

• The Veteran’s sleep apnea was aggravated by his service-connected sinusitis, or 

• The Veteran’s sleep apnea was caused by his service-connected nasal fracture, or

• The Veteran’s sleep apnea was aggravated by his service-connected nasal fracture.

The examiner must address the submitted medical literature in light of any negative opinion. 

3. Obtain an addendum opinion, and if necessary an additional VA examination, from an appropriate clinician to determine the nature and etiology of any left foot disorder. The examiner must opine whether it is at least as likely as not that any diagnosed foot disorder began in or is otherwise etiologically related to the Veteran’s service, including his documented in-service treatment for left foot pain or injury in July 1987. The examiner must consider the Veteran’s statements regarding experiencing symptoms during and since separation from service.

 

 

Caroline B. Fleming

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Thompson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.